SELLERS, Justice (concurring in part and dissenting in part).
I concur in the holding of the main opinion that the psychotherapist-patient privilege is not so comprehensive as to exclude all knowledge the operators of a home for mentally disabled persons might learn about a patient. I agree that to the extent a health-care provider has information, not learned in confidence, such information is not subject to the privilege. I also concur in the holding that incident reports prepared for quality-assurance are not discoverable. However, I dissent from the main opinion insofar as it allows the plaintiff to discover the limits of liability insurance. I believe that, once it is established that a defendant is a health-care provider, then § 6-5-548, Ala. Code 1975, bars discovery of insurance limits. Notwithstanding that the act that is the subject of litigation may not have been related to the provision of medical services, once a threshold determination is made that the defendant is a health-care provider, insurance limits are not discoverable.
MURDOCK, Justice (concurring in part, concurring in the result in part, and dissenting in part).
As to the holding of the Court that the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975 ("the AMLA"), is not applicable in this case, I concur in the result. I concur in that portion of the main opinion discussing the psychotherapist-patient privilege. I respectfully dissent as to the holding of the Court that certain documents qualify for quality-assurance protection under § 22-21-8, Ala. Code 1975.
As to the AMLA issue, I write separately only to note that §§ 6-5-548 and 6-5-551, Ala. Code 1975, apply to "health care providers." Section 6-5-542, Ala. Code 1975, defines a "health care provider" as a "a medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in Section 6-5-481." Section 6-5-481(1), Ala. Code 1975, defines "medical practitioner" as one "licensed to practice medicine or osteopathy," while § 6-5-481(8) defines "other health care provider" as "[a]ny professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services." I am unsure how the defendants in this case qualify as "health care providers" under these definitions.